| | | |
|---|---|---|
| **PHILLIP LEE YOUNG,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FAYE DANIELS,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Phillip Lee

Young's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254.  (Doc. No. 1.)

I.    **PROCEDURAL HISTORY**

Petitioner is a prisoner of the State of North Carolina who was tried capitally before a

Watauga County Superior Court jury.  The jury found Petitioner guilty of one count each of first-

degree murder, first-degree burglary, and robbery with a dangerous weapon.  State v. Young,

325 S.E.2d 181, 184 (N.C. 1985).  At the conclusion of the sentencing phase of the trial, the jury

recommended Petitioner be sentenced to death for the first-degree murder, and the trial court

entered judgment accordingly.  Id. at 185.

Petitioner appealed as a matter of right to the North Carolina Supreme Court.  See N.C.

Gen. Stat. § 7A–27(a).  On January 30, 1985, that court affirmed Petitioner's convictions but

held as a matter of law that the death sentence was disproportionate to the penalty imposed in

similar cases.  Young, 325 S.E.2d at 194.  As required by North Carolina law, the court vacated

the death sentence and imposed a sentence of life imprisonment.  Id. at 194-95 (citing N.C. Gen.

Stat. § 15A–2000(d)(2)).

Petitioner next filed a motion for appropriate relief ("MAR") in the Watauga County Superior Court on March 14, 2012. (Pet. 3, Doc. No. 1.) It was denied on April 20, 2012. (Pet. 3.) Petitioner filed a petition for writ of certiorari on April 24, 2017, seeking review in the North Carolina Court of Appeals of the trial court's order denying his MAR. (Pet. 3.) The appellate court denied the petition on May 12, 2017. (Pet. 5.)

Petitioner filed the instant § 2254 habeas Petition on June 1, 2017, when he placed it in the prison mail system. (Pet. 15.) He raises one claim of ineffective assistance of counsel (Ground Two, Pet. 7-8) but otherwise directs the Court to the grounds for relief raised in his MAR (Ground One, Pet. 6). The MAR, which is attached as an exhibit to the Petition, also alleges ineffective assistance of trial counsel. (MAR 9-10, Doc. No. 1-1.)

## II.   RULES GOVERNING § 2254 CASES

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a Petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. "These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). A habeas petitioner who generally references allegations raised in other pleadings "patently fail[s] to comply with Rule 2(c)." Id. at 333.

Except for Ground Two, Petitioner has failed to comply with Rule 2(c). Nevertheless, the Court has reviewed the MAR and finds that the claims of ineffective assistance of trial counsel raised therein involve alleged acts or omissions that were known to Petitioner by the conclusion of his trial, if not before.

## III.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a

statute of limitations for § 2254 petitions by a person in custody pursuant to a state court

judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review
or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action
in violation of the Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by
the Supreme Court, if the right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-

conviction action. 28 U.S.C. § 2244(d)(2).

Petitioner contends that he does "not fall under" AEDPA. (Pet. 14.) In the absence of

any other explanation, the Court assumes Petitioner believes AEDPA's statute of limitations

does not apply because his judgment became final before AEDPA was enacted.[1] Petitioner is

incorrect. For prisoners whose judgments became final prior to AEDPA's enactment, the

limitations period began to run with AEDPA's effective date. See Brown v. Angelone, 150 F.3d

370, 375 (4th Cir. 1998). Thus, Petitioner had until April 24, 1997, one year from AEDPA's

effective date, April 24, 1996, to file a timely federal habeas petition.

---

[1] Petitioner's judgment became final on or about April 30, 1985, 90 days after the North Carolina Supreme Court
issued its opinion affirming Petitioner's convictions, vacating his death sentence, and sentencing him to life
imprisonment, and the time for Petitioner to file a petition for writ of certiorari in the United States Supreme Court
expired. Clay v. United States, 537 U.S. 522, 527 (2003); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a
petition for writ of certiorari).

In light of Petitioner's misunderstanding of AEDPA's applicability, the Court shall provide him an opportunity to explain why the instant § 2254 habeas Petition should not be dismissed as untimely. In his response, Petitioner may include any reasons why equitable tolling, see Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), or § 2244(d)(1)(B), (C), or (D) should apply. Failure to comply with the Court's Order shall result in dismissal of the Petition without further notice.

**IT IS, THEREFORE, ORDERED** that within 21 days from entrance of this Order, Petitioner shall file a response explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.

Signed: June 15, 2017

Frank D. Whitney
Chief United States District Judge

4